FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:23-CR-00070-MKD-1 |
|---|---|
| Plaintiff, | ORDER GRANTING PARTIES' JOINT MOTION TO AMEND THE JUDGMENT UNDER 28 U.S.C. § 2255 |
| vs. | |
| DEMETRIO PAZ (1), | **ECF Nos. 159, 160** |
| Defendant. | |

Before the Court is the parties' Joint Motion to Amend the Judgment under 28 U.S.C. § 2255, ECF No. 159, and related Status Report, ECF No. 160. The Court has reviewed the motion and the record and is fully informed. For the reasons stated below, the Court grants the motion.

## BACKGROUND

On September 1, 2022, Defendant Demetrio Paz (1) was arrested in Chelan County in Case No. 22-1-00388-1. ECF No. 160 at 2. In June 2023, Defendant, and two others, were charged in a related federal three-count Indictment with being felons in possession of firearms, possession of stolen firearms, and firearms trafficking. ECF No. 1. On September 22, 2023, Magistrate Judge James A.

ORDER - 1

1  Goeke granted the United States' Motion for Order for Writ of Habeas Corpus Ad
2  Prosequendum to secure the presence of Defendant in this Court.  ECF Nos. 35,
3  36.
4       On August 21, 2024, Defendant entered a plea of guilty to Count 2 of the
5  Indictment, charging him with possession of stolen firearms, in violation of 18
6  U.S.C. §§ 922(j), 924(a)(2).  ECF No. 95.  The parties believed that the State of
7  Washington would dismiss the pending state charges after Defendant was
8  sentenced in this Court.  ECF No. 159 at 2.
9       On April 23, 2025, this Court sentenced Defendant to 48 months of
10 incarceration and three years of supervised release.  ECF No. 157.  Defendant was
11 subsequently returned to Chelan County and pleaded guilty to the state charges.
12 ECF No. 160 at 2-3.  He was sentenced to 72 months to run consecutively to the
13 federal sentence.  *Id.* at 3.
14       On October 3, 2025, the parties filed a Joint Motion to Amend the Judgment,
15 ECF No. 159.  Specifically, the parties ask the Court to amend the Judgment to run
16 Defendant's "federal sentence concurrent with the anticipatory sentence in State v.
17 Paz, 22-1-00388-1, and to adjust his federal sentence for the period of
18 imprisonment he served in Chelan County Regional Jail before being delivered to
19 federal custody on a writ."  *Id.* at 2.
20

ORDER - 2

# LEGAL STANDARD

Under Fed. R. Civ. P. 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on a "mistake."

A defendant may invoke Fed. R. Civ. P. 60(b)(1) in the context of a § 2255 motion. *See Kemp v. United States*, 596 U.S. 528, 531 (2022) (detailing that the defendant "sought to reopen his § 2255 proceedings under Federal Rule of Civil Procedure 60(b), which authorizes a court to reopen a final judgment under certain enumerated circumstances").

"When a § 2255 motion is granted, the court shall vacate and set the judgment aside and do one of four things: discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Lee*, No. CR 12-00133, 2016 WL 4179292, at *2 (D. Haw. Aug. 4, 2016) (quotation marks omitted) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (en banc)); *see also United States v. Fortier*, No. 17-CR-0096, 2022 WL 17960699, at *1 (D. Minn. Dec. 27, 2022) ("For the reasons explained below, the Court holds that [the defendant] received ineffective assistance of counsel when his attorney failed to argue, pursuant to § 5G1.3(c), that the Court should impose his federal sentence to run concurrently with his anticipated state sentence. As a remedy, the Court orders that the judgment be amended to state that

ORDER - 3

his federal sentence is deemed to run concurrently to the state sentence that he later received.").

## DISCUSSION

Here, the parties ask the Court to run Defendant's "federal sentence concurrent with the anticipatory sentence in State v. Paz, 22-1-00388-1, and to adjust his federal sentence for the period of imprisonment he served in Chelan County Regional Jail before being delivered to federal custody on a writ," as "[t]he pending charges arise from the same acts and are relevant conduct to the charges in the federal indictment" and the parties mistakenly believed that the State of Washington was going to dismiss the pending state charges after Defendant was sentenced in federal court. ECF No. 159 at 2. The parties represent that had they known the State of Washington would not dismiss the state charges:

> [T]hey would have jointly asked the Court to impose the federal sentence to run concurrently with the yet-to-be-imposed state sentence under §5G1.3(c). They would have further asked that the time spent in the Chelan County Regional Jail from September 16, 2022, to October 6, 2023 be reduced from the 48-month term imposed under § 5G1.3(b)(1), as that period of time will not be credited toward his federal sentence

*Id.* at 3 (footnote omitted).

Given the parties' mistaken understanding, the Court finds it appropriate to grant Defendant's § 2255 motion and amend his sentence in the manner requested by the parties. *See Fortier*, 2022 WL 17960699, at *1.

ORDER - 4

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Joint Motion to Amend the Judgment under 28 U.S.C. § 2255, **ECF No. 159**, is **GRANTED**.

2. Defendant's sentence will be reduced to a 35-month term of imprisonment to run concurrently with Chelan County Case No. 22-1-00388-1. An Amended Judgment will issue.

**IT IS SO ORDERED.** The District Clerk is hereby directed to enter this Order, provide copies to the parties, and **CLOSE** Case No. 2:25-CV-00398-MKD.

DATED January 21, 2026.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE